*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* AJR, Minor.

FOR PUBLICATION
June 9, 2022
9:00 a.m.

No. 358788
Wayne Circuit Court
Family Division
LC No. 2019-002220-NA

Before: CAMERON, P.J., and O'BRIEN and SWARTZLE, JJ.

CAMERON, P.J.

Respondent claims an appeal as of right from the trial court's August 20, 2021 order,[1] which ordered that the minor child would continue to be placed with his legal father in Texas and that the child protective proceeding would continue. For the reasons discussed below, we dismiss for lack of jurisdiction.

## I. BACKGROUND

This matter began when a petition was filed in December 2019. In relevant part, the petition alleged that respondent, who had legal and physical custody of the minor child pursuant to an order that was entered in California, had severely physically and emotionally abused the child. It was also alleged that respondent had untreated mental health issues that prevented her from providing appropriate care to the child. The petition requested that the trial court authorize the petition, remove the minor child from respondent's care, exercise jurisdiction, and terminate respondent's parental rights. After a preliminary hearing, the trial court authorized the petition

---

[1] The order from which respondent appeals is actually dated May 21, 2021. However, it is clear that this was a typographical error. Because the register of actions reflects that the order was entered on August 20, 2021 and because the parties refer to the order as an August 20, 2021 order, we will do the same.

and ordered that the child be placed with his legal father, who lived in Texas. Respondent was granted supervised parenting time via video and telephone.

In February 2021, a combined adjudication trial and termination hearing was held.[2] At the close of proofs, the trial court concluded that statutory grounds existed to exercise jurisdiction given respondent's physical abuse and "emotional cruelty" toward the child. The trial court found that "[t]he physical abuse to the child resulted in injury and scarring to the child's body." The trial court also concluded that termination of respondent's parental rights was proper under MCL 712A.19b(3)(b)(*i*) (child suffered physical abuse by the parent's act and there is a reasonable likelihood the child will suffer abuse in the future if placed with parent), MCL 712A.19b(3)(j) (reasonable likelihood that the child will be harmed if returned to parent's home), and MCL 712A.19b(3)(k)(*iii*) (parent battered, tortured, or severely abused the child and there is a reasonable likelihood of harm to the child if returned to the parent). However, after an April 2021 best-interest hearing, the trial court concluded that it was not in the minor child's best interest to terminate respondent's parental rights.

The trial court ordered that reasonable efforts be made toward reunification. Respondent was ordered to comply with and benefit from the case service plan, which required respondent to submit to psychological and psychiatric assessments, to submit to weekly drug and alcohol screenings, and to comply with and benefit from (1) parenting classes, (2) mental health therapy, (3) family therapy, and (4) services to address her anger management issues. Respondent was also required to maintain stable housing and a legal source of income. In the event that respondent had already begun or completed the ordered services, respondent was required to sign a release of information so that her progress could be evaluated.

On August 19, 2021, a combined permanency planning and dispositional review hearing was held. It was noted that respondent was participating in her case service plan. At the end of the hearing, the trial court found that respondent had made progress, but ordered that the minor child would continue to be placed with his father under the supervision of the Department of Health and Human Services (DHHS). Although the caseworker recommended that the child be "reunified" with respondent in Michigan, the trial court questioned whether that would cause "instability" or "some harm" to the child and noted that the court did not "have enough information. . . ." The trial court also indicated that the child enjoyed living in Texas with his father and noted that the child might not be prepared for "any reunification with Mom. . . ." In an August 20, 2021 order, the trial court held that the child would remain in the care of his father, but authorized DHHS to provide respondent with a "full range of unsupervised visitat[ion]." The trial court ordered that reasonable efforts toward reunification continue to be made and scheduled a review hearing. Thereafter, respondent purported to file a claim of appeal from the August 20, 2021 order.

## II. JURISDICTION

---

[2] The matter was adjourned several times because respondent requested an in-person proceeding during the height of the COVID-19 pandemic.

The argument on appeal is that the trial court improperly ordered the minor child to remain in the care of his father and improperly ordered that the child protective proceeding would continue. However, it is first necessary to address a jurisdictional matter. "Whether this Court has jurisdiction to hear an appeal is a question of law reviewed de novo." *In re Farris/White Minors*, ___ Mich App ___, ____; ____ NW2d ____ (2022) (Docket No. 357743); slip op at 2 (quotation marks and citation omitted).

"MCR 7.203(A)(2) provides that this Court 'has jurisdiction of an appeal of right filed by an aggrieved party from' '[a] judgment or order of a court or tribunal from which appeal of right to the Court of Appeals has been established by law or court rule.' " *Id*. at ___; slip op at 2 (emphasis omitted; alteration in original). MCR 3.993(A) governs the types of orders that parties may appeal as of right in proceedings involving juveniles. It states:

> (A) The following orders are appealable to the Court of Appeals by right:
>
> (1) any order removing a child from a parent's care and custody,
>
> (2) an initial order of disposition following adjudication in a child protective proceeding,
>
> (3) an order of disposition placing a minor under the supervision of the court in a delinquency proceeding,
>
> (4) an order terminating parental rights,
>
> (5) any order required by law to be appealed to the Court of Appeals,
>
> \* \* \*
>
> (7) any final order.

"Interpretation of a court rule is subject to the same basic principles which govern statutory interpretation." *Wardell v Hincka*, 297 Mich App 127, 131; 822 NW2d 278 (2012) (quotation marks and citation omitted). In interpreting a statute or a court rule, this Court must "interpret and apply the statute in accordance with the intent of the drafter, which, in the first instance, must be determined from the plain meaning of the language used." *Id*. at 132 (quotation marks and citation omitted).

The only subsection relevant to this appeal is MCR 3.993(A)(1), which allows a respondent to appeal as of right "any order removing a child from a parent's care and custody." Because the court rule does not define "removing," it is proper to consult dictionary definitions. *Wardell*, 297 Mich at 132. *Merriam-Webster's Collegiate Dictionary* (11th ed), defines "remove" as "to change the location, station, or residence[.]" *Random House Webster's College Dictionary* (1997), defines "remove" as "to move or shift from a place or position," and "a removal from one place, as of

-3-

residence, to another." Thus, a child is removed from a parent's care and custody when he or she is taken from that parent's residence and placed in a different residence.[3]

The August 20, 2021 order did not order that the minor child be placed in a different residence. Indeed, the initial order of removal was entered on December 19, 2019, and the August 20, 2021 order continued the minor child in the care of his legal father. Furthermore, the August 20, 2021 order does not qualify as a final order because it did not dismiss the petition with respect to respondent, and the trial court did not terminate its jurisdiction. Rather, the order provided for continuance of the matter as to respondent. Thus, the order did not dispose "of all the claims and adjudicate the rights and liabilities of all the parties. . . ." See MCR 7.202(6)(a)(i). Accordingly, respondent is not entitled to appeal the August 20, 2021 order as of right. Given the facts of this case, we decline to treat respondent's claim of appeal as an application for leave and determine the merits of the issue on appeal. See *Wardell*, 297 Mich App at 133 n 1.

Dismissed for lack of jurisdiction.

/s/ Thomas C. Cameron
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle

---

[3] We have previously considered the meaning of the term "removed" within MCL 712B.15(2), and concluded that it means "the instance when a court orders that a child be physically transferred or moved from the care and residence of a parent or custodian to the care and residence of some other person or institution." *In re Detmer/Beaudry*, 321 Mich App 49, 64; 910 NW2d 318 (2017).